## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Greenbelt Division

In Re:                                          |
                                                |
**Donna Minor**                                 |        Case No. **14-28340-TJC**
                                                |        Chapter 13
                                                |
                                                |

### TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS OR CONVERT FOR INELIGIBILITY AND BAD FAITH

     Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case ("Trustee"), by and through undersigned counsel, and pursuant to sections 105, 109(g), 349(c) 1307, 1322 and 1325, generally, of the United States Bankruptcy Code and Rules 1017(f) and 3015 (f) of the Federal Rules of Bankruptcy Procedure Moves to Dismiss Or Convert and Objects to Confirmation of this Chapter 13 case and plan for ineligibility and bad faith.  In support of her motion and objection, the Trustee respectfully represents the following:

### SUMMARY OF LEGAL ARGUMENT:

     Under 11 U.S.C. §1325(a) (7), the Court cannot confirm a Plan when the underlying basis for the Debtor's filing of the petition was not in good faith.  Similarly, under 11 U.S.C. §1307, the Court may either dismiss or convert a chapter 13 case for undue delay that is prejudicial to creditors and for failure to timely commence making plan payments.  Also, given the apparent objective futility of this chapter 13 case, the Trustee takes the position that both the bankruptcy proceeding and the plan have been proposed without the good faith intentions required of Chapter 13 debtors -- requiring dismissal or conversion to Chapter 7. Finally, because the debts

exceeds the allowable Chapter 13 debt limits of 109(e), the Debtor is not eligible to be debtor under Chapter 13, requiring either dismissal or conversion.

## FACTS APPLICABLE TO ALL COUNTS:

1.      This is this Debtor's fourth (4) Chapter 13 filing, thus the Debtor is familiar with the requirements of chapter 13 filings, including the need to make timely payments, the need to provide Section 521 documents prior to the First Meeting of Creditors, and the need to present a readily confirmable plan. Yet this Debtor did none of these.

2.      The Trustee filed a Motion to Dismiss in the immediate prior case, Case No. 12-28810, on the basis of ineligibly due to the existence of non-contingent, liquidated unsecured debts in excess of the $360,475 unsecured debt limit set forth in 11 U.S.C. Section 109(e).  The debts in that case, much as in the present case, consisted largely of under-secured residential mortgages.[1]  The Trustee's motion was denied because the Debtor had filed an adversary proceeding disputing the debt and because the Debtor insisted that she intended to retain her residential real property.  Nonetheless, the case was eventually dismissed on the Debtor's own motion when she failed to prevail in the adversary proceeding.

3.      Here again, the Debtor exceeds the Chapter 13 debt limits.  Although only the first priority deed of trust holder, HSBC, has filed a claim, the mortgage default has grown from the prior $191,520 level to $356,514, with total debt of $1,180,087.  Thus, the

---

[1] HSBC, the First Deed of Trust holder secured by the Debtor's Residence, had asserted a secured claim of $1,056,858.42 and arrearages of $191,520 (C#4); Greentree, the Second Deed of Trust holder, filed a bifurcated claim, asserting a $10,056 secured claim and a $167,703 unsecured claim (C#2-1).  Based on the Debtor's Schedule A, $538,920 valuation of her Residence, both mortgages were under-secured by approximately $696,522.

3

Debtor now exceeds the secured debt limit as well as the unsecured debt limit, when the under-secured portions of the first and second position mortgages are combined. [2]

4.     The Debtor's plan proposes a "short-sale" by no later than October, 2015, the 10th month of the plan. The Debtor states that she "will surrender the real property and continue to fund this Chapter 13 Plan as set forth above" if the short sale does not occur.  See, Proposed Chapter 13 Plan at Dkt 19, para. 1.c.  However, given that lack of plan payments and lack of verified disposable income, this proposal is meaningless.

5.     The Debtor has failed to make any of the total of five (5) due plan payments, leaving a default of $2,000 and has failed to substantiate the majority of her stated Schedule I income.

6.     In fact, the January 8, 2015 Meeting of Creditors was cancelled due to the Debtor's failure to provide the necessary Section 521 documents prior to the meeting, and in fact, many of the necessary documents have still not been received.[3]

7.     As a consequence, the Debtor's proposed $400 per month plan payments and the proposed sale of the property appear totally implausible.

8.     Additionally, no listing agreement or other evidence of sale has been provided, nor a motion to retain a realtor filed.  Five months have passed since the case was filed yet it appears that no actions have been taken to effectuate the terms of the proposed plan.

---

[2] Based on the Debtor's current Schedule A, the Property value is approximately $615,000.  Thus, approximately $565,000 of HSBC's claim is under-secured, again exceeding the $383,175 unsecured debt limit set for Chapter 13 Debtors.

[3] A MRIS Real Property comparison report and a handwritten confirmation of the Debtor's $400/month salary from her Husband's business were provided on February13, 2015; however, the bulk of the household's income from the non-filing spouse has not been verified nor have any tax returns been provided.

4

9.      Thus, the risk of loss rests entirely with the creditors in this case.

10.     Further, given that all equity in the property has been long since been eroded by the

Debtor's continued mortgage default, it appears that this case is effectively a Chapter 7

liquidation case in the guise of a Chapter 13 reorganization.

11.     In short, the Trustee is concerned that the proposed plan is illusory and intended to delay

creditors' right to payment pending the sale of the Debtor's residence.

12.     At this point, the general bar date has past.  The1st Deed of Trust holder on the Debtor's

residence, HSBC, has filed the only claim in the case, which as noted above, lists

prepetition arrearages of $356,513.65 and a payoff of $1,180,086.93.

13.     Given the lack of plan payments, the continued delay in providing necessary documents,

the difficulty in obtaining the necessary lender support for sales of property far below

total debt, and the lack of any substantive actions to effectuate the sale of Property, the

Trustee believes that Debtor and creditors would be better off in a Chapter 7 liquidation

case.

LEGAL ARGUMENTS:

A. OBJECTIVE FUTILITY OF DEBTOR'S PROPOSED PLAN

The feasibility of the Debtor's proposed plan is a factor in determining whether a chapter

13 case and plan have been filed in good faith.  In the case of *In re Mark*, Judge Keir reviewed

good faith in the context of an 11 U.S.C. § 362 motion to extend the stay.  *In re Mark*, 336 B.R.

260, 267 (Bankr. D. Md. 2006).  He drew upon the analysis provided in a chapter 11 case,

*Carolyn Corp. v. Miller*, which incorporated into its analysis a discussion of whether the

5

proposed plan was <u>objectively futile</u>. *Carolin Corp. v. Miller*, 886 F.2d 693, 698, 701-02 (4th Cir. 1989).

> In the case of <u>Carolin</u>, the United States Court of Appeals for the Fourth Circuit explored the requirement of good faith in the context of a motion to dismiss chapter 11 case brought under <u>Section 1112(b) of the Bankruptcy Code</u>.
> \* \* \* \*
> As to the objective futility component, the Court reasoned that the proper analysis required a determination whether there was any "hope of rehabilitation, except according to the debtor's 'terminal euphoria'
> \* \* \* \*
> This includes the <u>Carolin Corp.</u> factor of whether or not there is objective futility.   It certainly would be objective futility if the Debtor's circumstances had not materially changed from that which caused the default in plan payments in the prior case.

<u>In re Mark</u>, 336 B.R. at 256-66, *citing*, <u>Carolin Corp. v. Miller</u>, 886 F.2d at 701-02 (4th Cir. 1989) (Internal citations omitted).

In the instant case, where the proposed plan payments are insufficient to pay the claims as filed; where the Debtor relies on the sale of an asset but has failed to demonstrate concrete actions to sell the asset or to obtain the necessary lender approval for a sale below full debtor a realistic alternate plan if the sale fails; where there are questions regarding the household's cash-flow and stated expenses—the Trustee has justifiable concerns regarding the Debtor's true intentions.

### B. GOOD FAITH REQUIREMENT IN FILING AND PROPOSING A PLAN

Under 11 U.S.C. §1325(a) (7), the Court cannot confirm a Plan when the underlying basis for the Debtor's filing of the petition was not in good faith.  Similarly, under 11 U.S.C. §1325(a) (3), the Court may confirm a chapter 13 plan only if it has been proposed in good faith.

The debtor's good faith intentions are demonstrated by her actions prior to the filing. Specifically, on whether she acted with intent to hinder, delay, or defraud creditors when she continued to file chapter 13 bankruptcy cases without any realistic means of repaying her creditors.

"The aim of Chapter 13 is to rehabilitate a financially distressed debtor. A financially distressed debtor cannot abuse the bankruptcy system by seeking its protection without contributing such debtor's fair share for the costs thereof." In re Wright, 82 BR 422 (Bankr. W.D.Va**.** 1988)**.**

Despite her continued insolvency, the debtor has successfully evaded her creditors' collection efforts by filing a series Chapter 13 Bankruptcy cases. The Trustee believes the filings may constitute a design or scheme where the debtor has successfully "hindered and delayed" repayment to her creditors

## C. LACK OF GOOD FAITH IS GROUNDS FOR DISMISSAL OR CONVERSION

The balance of opinion within the United States Court of Appeals for the Fourth Circuit, at least, appears to hold that that a lack of good faith in the filing of a Chapter 13 petition constitutes cause for dismissal or conversion under § 1307(c) of the Bankruptcy Code. *In re Henicheck*, 1996 WL 33676576 (E.D.Va. 1996) (unreported opinion), accord, *In re Parker, 2007 WL 1374757* (Bankr. E.D. VA 2007).

Two key cases govern the court's review of the debtor's good faith within the Fourth Circuit: *Deans v. O'Donnell*, where the Court rejected the *per se* rule, which simply looks to see whether the debtor provides substantial repayment to creditors, in favor a balancing of factors to determine whether the filing was an "abuse of the provisions, purpose, or spirit of [Chapter 13]

in the proposal or plan," and *Neufeld v. Freeman*. *Deans v. O'Donnell*, 692 F.2d 969, 972

(4th Cir.1982); *Neufeld v. Freeman*, 794 F.2d 149, 152 (4th Cir.1986). The current Fourth Circuit

balancing test is generally referred to as the "totality of circumstances" test.

      Good faith is determined by the totality of the circumstances including:

    (1)      type of debt sought to be discharged;

    (2)      whether the debt would be non-dischargeable under Chapter 7 (section 727);

    (3)      debtor's motivation and sincerity in seeking Chapter 13 relief;

    (4)      debtor's accuracy in stating his debts and expenses;

    (5)      debtor's honesty in the bankruptcy process and

    (6)      whether the Bankruptcy Code is being unfairly manipulated.

*Neufeld v. Freeman*, 794 F.2d 149 (4th Cir. 1986), citing, *Deans v. O'Donnell*, 692 F.2d 968, 972

(4th Cir. 1982).

      The 2005 Reform Act added the good faith filing requirement of 11 U.S.C. § 1325(a)(7),

wherein "the action of the debtor in filing the petition was in good faith" is evaluated in addition

to the long-standing §1325(a)(3) requirement of good faith intentions in filing the plan.

      [The] proper good faith inquiry is 'whether or not under the circumstances of the
      case there has been an abuse of the provisions, purpose, or spirit of [the Chapter]
      in the proposal or plan.

*In re Bland*, 2008 WL 2002647 at 3 (Bankr. N.D.W.Va., 2008) citing *Branigan v.*

*Bateman (In re Bateman),* 515 F.3d 272, 283 (4th Cir. 2008) and *Deans v. O'Donnell*, 692

F.2d 968, 972 (4th Cir. 1982).

      Here, the Trustee believes, the case will likely conclude in dismissal, after having used

the Chapter 13 filing to hinder and delay creditors' collection rights, rendering the instant case

objectively futile on its face and lacking in the sincerity of intent and purpose necessary in chapter 13.  Such actions reflect the lack of good faith described in *Deans v. O'Donnell* and progeny.

In addition, where it appears that the Debtor has shifted the entire risk of loss onto the creditors without making a sincere effort to pay as much as possible into the plan to offset delayed payments to creditors, and where there is both an inability to make timely plan payments as well as a failure to timely file all necessary documentation, the Code provides the alternative relief of conversion to chapter 7 or dismissal, upon motion by a party in interest.  See, 11 U.S.C. Section 1307(b) (1), (4) and (6). .

WHEREFORE, for the reasons set forth above, the Trustee requests that this Court deny confirmation of the Debtor's plan and either convert or dismiss the instant Chapter 13 case pursuant to 11 U.S.C.§§ 105, 109(e), 349(c) 1307,1322 and 1325, generally, as being in the best interests of creditors.

Date:  May 8, 2015                           Respectfully submitted,

Nancy Spencer Grigsby
Chapter 13 Trustee

By Counsel:
/s/ Mary Park McLean
Mary Park McLean
Federal Bar No. 25580
4201 Mitchellville Road, Suite 401
Bowie, Maryland 20716
Tel. 301-805-4700
E-mail: mmclean@ch13md.com
ngrigsby@ch13md.com

## NOTICE OF OPPORTUNITY TO REQUEST A HEARING TO DEBTOR(S)
### (Pursuant to Fed. R. Bankr. Proc. 2002 and Local Rule 2002-1)

**YOU ARE HEREBY NOTIFIED** that the Trustee is requesting that this bankruptcy case be dismissed.  Please take notice that: (1) any opposition to the Trustee's motion must be filed with the Court and served upon the Trustee at the address provided above **within twenty-one (21) days after** the **date on the Certificate of Service**; (2) any opposition must state the facts and legal grounds upon which it is based; and (3) the Court may rule upon the Trustee's motion and any opposition thereto with or without a hearing, at its own discretion.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this May 8, 2015 a copy of the foregoing was served on the parties listed below by first-class mail, unless said party is a registered CM/ECF participant and the Notice of Electronic Filing indicates that Notice was electronically mailed to said party.

**Donna Miner**
5900 Croom Station Road
Upper Marlboro, MD 20772
*(Debtor- by U.S. Mail)*

**Sari Karson Kurland**
The Kurland Law Group
211 Jersey Lane
Rockville, MD 20850
(*Debtor's Counsel, Electronically*)

                                           **/s/ Mary Park McLean**
                                           Mary Park McLean

S:\Case Notes 2014\14-28340 Donna Minor MtD Obj-Obj Futility (SALE PLAN) edits.doc